IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN THOMAS BRISTOL, | Case No. 3:17-cv-00788-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COLETTE S. PETERS, BRAD CAIN, MELISSA NOFZIGER, DAWN MEYER, SAM M. HAGY, JOHN DOE(S), each sued in their individual and official capacities, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff John Thomas Bristol ("Bristol") brought this action against five Oregon Department of Corrections ("ODOC") employees ("Defendants"). (ECF No. 1.) Pending before the Court is Bristol's Motion for Attorney's Fees (ECF No. 37), and Bill of Costs (ECF No. 46). Bristol requests an award of attorney's fees in the amount of $71,700, as well as $1,285.37 in costs. Defendants oppose the motion. (ECF No. 43.) For the following reasons, the Court grants Bristol's motion in part, and awards Bristol attorney's fees in the amount of $71,340 and costs in the amount of $400, for a total award of $71,740.

**BACKGROUND**

This Court's November 27, 2018, Opinion and Order contains a detailed account of the background facts. (ECF No. 34.) Briefly, Bristol filed a complaint against Defendants under 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment due process rights arising from the revocation of Bristol's transitional leave status without first providing the protections set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972). (ECF No. 1.) Bristol sought declaratory relief, injunctive relief, and damages. (Compl. at 15-16.)

The parties filed cross motions for summary judgment. (ECF Nos. 19, 22.) On November 27, 2018, the Court ordered Defendants to vacate the Disciplinary Order Bristol received on September 9, 2016 because it violated Bristol's right to due process under the Fourteenth Amendment. (ECF No. 34.) The Court also found that qualified immunity protected Defendants from Bristol's claim for civil damages. (ECF No. 34.) This motion followed. (ECF No. 37.)

**DISCUSSION**

**I.  ATTORNEY'S FEES**

**A.  Legal Standard**

Bristol seeks attorney's fees under 42 U.S.C. § 1988. Section 1988 "allows the award of a reasonable attorney's fee to the prevailing party in various kinds of civil rights cases, including suits brought under § 1983." *Fox v. Vice*, 563 U.S. 826, 832-33 (2011). Under 42 U.S.C. § 1988, courts must "compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if the plaintiff failed to prevail on every contention." *Id.* at 834 (citation and quotation marks omitted).

The calculation of a reasonable fee award begins with calculating the lodestar figure, by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of

documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1993). To determine the lodestar figure, courts consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors include the novelty or difficulty of the case, the preclusion of other employment, time limitations, the amount at stake, the results obtained, and the undesirability of the case. *Id.*

The Court must review the requested fee award for reasonableness, even if no objection has been raised to the number of hours billed or the hourly rate applied. *Gates*, 987 F.2d at 1401 (finding that the "district court [is] required to independently review plaintiffs' fee request even absent defense objections"). The Court has "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada Cty., Idaho*, 195 F.3d 524, 526 (9th Cir. 1999).

### B. Analysis

#### 1. Qualified Immunity

Defendants ask the Court to deny Bristol's motion for attorney's fees because a plaintiff may not recover attorney's fees from defendants protected by qualified immunity. (Defs.' Opp'n at 2.) The Court disagrees.

It is well settled that qualified immunity or good faith does not bar an award of attorney's fees when the plaintiff sues government officials in their official capacities. *See Ky. v. Graham*, 473 U.S. 159, 166-67 (1985) (noting that "an official in a personal-capacity action may . . . be able to assert personal immunity defenses" but that "these defenses are unavailable" in an official-capacity action); *see also Seattle Sch. Dist. No. 1 v. State of Wash.*, 633 F.2d 1338, 1349 (9th Cir. 1980) ("While the absence of bad motives precludes an award against named defendants in their individual capacities, . . . it does not bar an award against the state or named individuals in their official capacities."); *Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir. 1980)

PAGE 3 – OPINION AND ORDER

("Because appellants were sued in their official capacities, their good faith does not bar an award of attorney's fees, as it would were the award to be paid by the officials."); *cf. D'Aguanno v. Gallagher*, 50 F.3d 877, 882 (11th Cir. 1995) ("Congress did not foresee or require the award of fees against government officers, *sued in their individual capacity*, when the officers avoided acting in bad faith.") (emphasis added).

### 2. Official Capacity

Defendants argue that the fee award will fall to the Defendants in their individual capacities because Bristol failed to name a governmental entity as a defendant or to establish that Defendants' unconstitutional acts were guided by an official policy or custom, and therefore this case does not qualify as an official-capacity lawsuit. (Defs.' Opp'n at 5.) The Court disagrees.

To prevail on an official-capacity suit, a government "policy or custom must have played a part in the violation of federal law." *Ky.*, 473 U.S. at 166 (citation and quotation marks omitted). Here, Bristol sued five ODOC employees in both their individual and official capacities. (Compl. ¶¶ 5-9.) Bristol alleged that ODOC has "policies and practices and written rules, enforced by Defendants, that deprive individuals" of their due process rights. (Compl. ¶ 16.) This ODOC policy resulted in the constitutional violation at issue here because the Court found that "Oregon regulations expressly authorized revocation of Bristol's [transitional leave] status without due process." (Opinion and Order at 14.) Having prevailed on an official-capacity suit, Bristol will receive attorney's fees "either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (whether or not the agency or government is a named party)," not from Defendants in their individual capacities. *Hutto v. Finney*, 437 U.S. 678, 700 (1978). Accordingly, the Court finds that Bristol is entitled to attorney's fees from Defendants in their official capacities under 42 U.S.C. § 1988.

///

### 3. Partial Success

Defendants also ask the Court to reduce Bristol's attorney's fees request by fifty percent because Bristol did not receive all of the declaratory, injunctive, and monetary relief he requested, and therefore achieved only partial success in this case. (Defs.' Opp'n at 8.) The Court disagrees.

The Supreme Court has set out a two-step process for analyzing a fee award when a plaintiff achieves only partial success. First, courts consider whether the plaintiff failed to prevail on claims that were unrelated to the claims on which the plaintiff succeeded. Hensley, 461 U.S. at 434. Claims are unrelated if they are "entirely distinct and separate from the claims on which the plaintiff prevailed." Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001) (citations and quotation marks omitted). "Hours expended on unrelated, unsuccessful claims should not be included in the fee award." League of Wilderness Def./Blue Mountains Biodiversity Project v. Turner, 305 F. Supp. 3d 1156, 1173 (D. Or. 2018) (citations omitted).

At the second step of the analysis, courts consider whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Hensley, 461 U.S. at 434. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id. at 424. A plaintiff "who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Id. at 440.

The Court finds that Bristol satisfies the two-step test. Bristol asserted only a single claim for relief. As a result, the hours expended on this case "cannot be divided on a claim-by-claim basis, and the lawsuit cannot be viewed as a series of discrete claims." Eastman v. Astrue, No. 11-cv-701-PK, 2013 WL 1130762, at *8 (D. Or. Mar. 15, 2013) (citations and quotation marks omitted). Furthermore, Bristol achieved significant success in this case because the Court found

PAGE 5 – OPINION AND ORDER

that Defendants violated Bristol's right to due process and ordered Defendants to vacate Bristol's disciplinary order. (ECF No. 34.) The fact that Bristol did not receive all of the relief he requested on his single claim does not preclude him from recovering a full fee award. *See Sorenson*, 239 F.3d at 1147 ("A plaintiff may obtain excellent results without receiving all the relief requested.") (citing *Hensley*, 461 U.S. at 435 n.11). The Court therefore declines to reduce Bristol's fee award on this ground.

### 4. Reasonableness

The Court next turns to the traditional lodestar method to determine a reasonable fee award. Bristol seeks attorney's fees in amount of $71,700, as follows:

| Name | Position | Hourly Rate | Hours | Fees |
| --- | --- | --- | --- | --- |
| Erik Eklund | Attorney | $300 | 138.9 | $41,670 |
| Conrad Engweiler | Paralegal | $150 | 200.2 | $30,030 |

**Total Amount Requested: $71,700**

#### a. Hourly Rates

Bristol requests fees at a billable rate of $300/hour for attorney Erik E. Eklund ("Eklund"), and $150/hour for paralegal Conrad R. Engweiler ("Engweiler"). The Court finds that both rates are reasonable.

The law is well established that a reasonable hourly rate is determined by looking at the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997); *see also Welch v. Metro. Life Ins.*, 480 F.3d 942, 947 (9th Cir. 2007) (holding that a district court abused its discretion when it awarded attorney's fees at an hourly rate of $250 because declarations from comparable lawyers showed that "the market sustain[ed] a rate above $400 per hour for comparable work"). "[T]he burden is on the fee applicant to produce satisfactory evidence—in

addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *Welch*, 480 F.3d at 947.

The best evidence of the prevailing rate in Portland, Oregon, is the Economic Survey conducted by the Oregon State Bar ("OSB").[1] *See McElmurry v. U.S. Bank Nat'l Assoc.*, No. 04-cv-00642-HA, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008) (finding that in this district, the Oregon State Bar's Economic Survey "is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates"); *see also Copeland-Turner v. Wells Fargo Bank, N.A.*, No. 11-cv-00037-HZ, 2012 WL 92957, at *2 (D. Or. Jan. 11, 2012) ("Judges in the District of Oregon use the Oregon State Bar Economic Survey . . . as a benchmark for assessing the reasonableness of hourly billing rates."). The Economic Survey sets forth rates charged by Oregon attorneys, including rates specific to communities such as Portland. *See, e.g.*, *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002) (referencing the 2002 Economic Survey).

Eklund has practiced law for over ten years, and his requested billing rate of $300 is less than the 75th percentile for Portland area attorneys with 10-12 years of experience, and less than the 75th percentile for Portland area attorneys who practice plaintiff-side civil litigation. (Erik

---

[1] The 2017 Economic Survey sets forth compensation data collected in 2017. *See* https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf (last visited March 7, 2019).

Eklund Decl. ¶ 2, Dec. 11, 2018.) Accordingly, the Court finds that Eklund's billing rate of $300 is reasonable.

The Court turns to Engweiler's request for a rate of $150 per hour. Engweiler has worked as a paralegal since 2001. (Conrad Engweiler Decl. ¶ 2, Dec. 11, 2018 ("Engweiler Decl.")). Engweiler focuses on prisoner civil rights cases, criminal and civil appeals, and administrative proceedings. (Engweiler Decl. ¶¶ 2-3.) In 2014, Engweiler started a business that provides paralegal, investigative, and document management services to Oregon attorneys. (Engweiler Decl. ¶ 5.) Bristol has also submitted a declaration from an attorney in the Portland community that attests to Engweiler's skill and expertise in prisoners' rights litigation. (Andy Simrin Decl. ¶ 5, Dec. 11, 2018 (hereinafter "Simrin Decl.")). Having considered Engweiler's experience, training, and expertise, the Court finds that Bristol has submitted sufficient information to support the reasonableness of his $150/hour rate. *See Goldingay v. Progressive Cas. Ins.*, No. 17-cv-1491-SI, 2019 WL 852992, at *6 (D. Or. Feb. 22, 2019) (holding that "a rate of $175 per hour is reasonable for law clerks and paralegals"); *Prison Legal News v. Columbia Cty.*, No. 12-cv-00071-SI, 2014 WL 1225100, at *8-9 (D. Or. Mar. 24, 2014) (finding that a paralegal's hourly billing rate of $175 is reasonable in light of the paralegal's "expertise and experience," and "the complexity of prisoners' rights constitutional litigation").

### b. Hours Billed

Bristol requests compensation for 138.9 hours of Eklund's time and 200.2 hours of Engweiler's time. In support of the requested hours, Bristol submitted billing records documenting the time spent on specific tasks. With the exception of a few clerical tasks, the Court finds that the requested time is reasonable.

///

///

PAGE 8 – OPINION AND ORDER

Defendants ask the Court to reduce Engweiler's total number of hours because the hours he spent on legal research, drafting the complaint, and drafting the motion for summary judgment were excessive. (Defs.' Opp'n at 8.)

A district court may determine whether the requested hours are excessive or unnecessary in two ways. First, "[t]he court may conduct an hour-by-hour analysis of the fee request." *Goldingay*, 2019 WL 852992, at *3 (citations omitted). "Alternatively, when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the lodestar figure." *Id.* (citations and quotation marks omitted). "District courts have wide discretion to determine the number of hours reasonably expected to complete a task." *Id.* at *7 (citing *Cunningham v. Cty. of L.A.*, 879 F.2d 481, 484-85 (9th Cir. 1988)).

A careful review of the billing invoice reveals that Engweiler spent 9.2 hours drafting the complaint, 41.9 hours conducting legal research, 45.3 hours drafting the motion for summary judgment, and 20.2 hours preparing a response. (Engweiler Decl., Ex. A.) The Court finds that the number of hours Engweiler spent on legal research and drafting the 44-page motion for summary judgment is reasonable in light of the novel and complex nature of the issues presented by this case. (*See* Simrin Decl. ¶ 10) ("[G]iven the complexity of the legal issues presented by this case, [Engweiler's] time expenditure is reasonable and comparable to what I would expect to incur in a similar case").

The only appropriate reduction in the number of hours billed is a reduction for clerical work, because purely clerical work is considered an overhead expense and is not compensable as attorney's fees. *See Ash Grove Cement Co. v. Liberty Mut. Ins.*, 09-cv-00239-HZ, 2014 WL 837389, at *8 (D. Or. Mar. 3, 2014) ("[C]lerical tasks are not properly billed as attorney fees, but

are overhead expenses that are absorbed by counsel."); *see also Sterling Sav. Bank v. Sequoia Crossing, LLC*, No. 09-cv-555-AC, 2010 WL 3210855, at *7 (D. Or. Aug. 11, 2010) ("Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents."). Tasks such as preparing summons, arranging for service, electronic filings, downloading and organizing pleadings, and email correspondence regarding administrative matters are non-compensable clerical tasks. *See Sterling Sav. Bank*, 2010 WL 3210855, at *7.

In reviewing the billing invoice, the Court finds that the following tasks Eklund performed are clerical in nature, and therefore not eligible for reimbursement:

| Date | Performed By | Task | Time Expended |
| --- | --- | --- | --- |
| 3/13/18 | Eklund | Assemble binder; Print Motion w/ Exhibits & deliver to chambers | 01:12 |
| 5/4/18 | Eklund | Court run; Deliver Judge's copy of SJ Response to clerk | 00:12 |

**Total Hours Disallowed: 1.2**[2]

Subtracting 1.2 hours from Eklund's requested 138.9 hours, the Court finds that 137.7 hours of Eklund's time is reasonable and compensable as attorney's fees. (*See* Lynn S. Walsh Decl. ¶ 12, Dec. 11, 2018) (declaring that "litigating a case through discovery and cross-motions for summary judgment usually takes significantly more time than what has been billed by Mr. Eklund for this case").

///

///

///

---

[2] The Court counts the hours expended and the hours disallowed in .10 increments.

### 5. Fee Award

After considering the *Kerr* factors, the Court finds that the lodestar figure results in an appropriate fee award in this case. *See Kerr*, 526 F.2d at 70. Accordingly, the Court awards attorney's fees as follows:

| Name | Rate Awarded | Hours Requested | Hours Allowed | Amount Awarded |
|---|---|---|---|---|
| Erik Eklund | $300 | 138.9 | 137.7 | $41,310 |
| Conrad Engweiler | $150 | 200.2 | 200.2 | $30,030 |

**Total Fees Awarded: $71,340.00**[3]

## II. COSTS

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides, in part: "Unless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Under 42 U.S.C. § 1988, Bristol may recover reasonable "out-of-pocket expenses that would normally be charged" to a fee-paying client. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (citations omitted). Although the Court has discretion to deny costs, Rule 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party." *Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 758 (9th Cir. 2010).

---

[3] In reviewing the billing invoices, the Court notes that both Eklund and Engweiler engaged in block billing. "The U.S. District Court for the District of Oregon . . . recommends that attorneys refrain from block billing as this makes assessing the reasonableness of the time spent on a particular task extremely difficult." *Brown v. Cascade Mgmt, Inc.*, No. 15-cv-01585-HZ, 2018 WL 4207097, at *4 (D. Or. Sept. 4, 2018) (citation omitted). A district court may impose "a reduction on the hours that are block billed." *Id.* at *5. However, the Court declines to discount the block-billed entries here because it was able to independently determine that the time spent was reasonable. *See id.* (allowing certain block-billed entries "where the tasks were all clearly identified with one subject matter such that the Court could independently determine that the time spent was reasonable"); *see also Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1103 (N.D. Cal. 2010) (noting that a district court may decline to reduce hours that are block billed if the time entries "are detailed enough for the [c]ourt to assess the reasonableness of the hours billed").

### B. Analysis

Bristol seeks $1,285.37 in costs: (1) Disciplinary Packet for John Thomas Bristol ($17.49); (2) Filing Fee ($400); (3) Postage ($16.01); (4) Copies ($5.52); (5) Cain Deposition ($178.50); (6) Nofziger & Meyer Depositions ($667.85). (ECF No. 46.) Defendants object to Bristol's cost bill because Bristol failed to submit an affidavit or declaration supporting his request. (Defs.' Opp'n at 9.)

Local Rule ("LR") 54-1(a)(1) requires the prevailing party to "file an affidavit or declaration and appropriate documentation" in support of a bill of costs. LR 54-1(a)(1). "LR 54-1(a)(2) further requires, by reference to 28 U.S.C. § 1924, an affidavit verifying that the items claimed in the cost bill are correct, have been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." *Hill v. Wal-Mart Stores, Inc.*, No. 3:16-cv-0450-AC, 2017 WL 3367096, at *1 (D. Or. Aug. 4, 2017) (alterations and quotation marks omitted).

Although Bristol initially failed to file a declaration supporting his bill of costs, Bristol has now cured this deficiency. (Erik Eklund Decl. ¶ 2, Jan. 3, 2019.) Nonetheless, Bristol has not complied with LR 54-1(a)(1) because he has not submitted documentation to verify his costs. Accordingly, the Court awards only $400 in costs for the filing fee, but grants Bristol leave to file an amended cost bill, with appropriate documentation, within one week. *See Alexander Mfg., Inc. Emp. Stock Ownership and Tr. v. Ill. Union Ins.*, 688 F. Supp. 2d 1170, 1176 (D. Or. 2010) ("I therefore deny the Trust's bill of costs with leave to file an amended bill of costs that complies with Local Rule 54.1.") (citing *Alfonso v. Tri-Star Search LLC,* No. 07-1208-ST, 2009 WL 2517080, at *9-10 (D. Or. Aug. 14, 2009) (denying bill of costs with leave to amend where the party seeking costs failed to provide supporting documentation)).

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART Bristol's motion for attorney's fees (ECF No. 37), and his bill of costs (ECF No. 46), and awards $71,340 in attorney's fees, and $400 in costs, for a total award of $71,740. Bristol may file an amended bill of costs on or before March 14, 2019.

**IT IS SO ORDERED.**

DATED this 8th day of March, 2019.

*Stacie F. Beckerman*
_____
STACIE F. BECKERMAN
United States Magistrate Judge